# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| Terry Wayne DUCKWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:08-CV-223 (MTT) |
| | ) | |
| ALLIANZ LIFE INSURANCE COMPANY OF AMERCICA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. 33) and the Plaintiff's Motion for Summary Judgment (Doc. 35). For the following reasons, both motions are **DENIED**.

### I. FACTUAL BACKGROUND

Plaintiff Terry Wayne Duckworth began work for the Southeastern Pennsylvania Transportation Authority ("SEPTA") on August 8, 1983. The Plaintiff stopped working on or about September 9, 1996 due to multiple medical problems. The Defendants contend that the Plaintiff's salary was $45,708 at the time of his disability, but the Plaintiff argues he was making $47,086.

As a SEPTA employee, the Plaintiff was enrolled in a group long-term disability ("LTD") insurance policy as part of SEPTA's employee benefits plan. Defendant North American Benefits Company ("NABCO") administered the policy on behalf of Defendant Allianz Life Insurance Company of North America.

The insurance policy provides that the Plaintiff would receive monthly LTD benefits in the amount of 60 percent of his "Basic Monthly Earnings," less other income benefits ("OIB"). The Policy defines "other income benefits" as "disability or retirement benefits under the United States Social Security Act … or any similar plan or act." This case primarily involves the appropriate offset for OIB received by the Plaintiff. The policy further provides that in the event the insured is overpaid, the insured must reimburse Allianz within 60 days. If the insured fails to reimburse within the prescribed time, the policy allows Allianz to reduce future benefits until they are reimbursed.

Because the Plaintiff received salary continuance and sick leave pay from SEPTA, the Plaintiff did not become eligible for LTD benefits until he exhausted these benefits. In April 1998, the Plaintiff reported to NABCO that he no longer received railroad pay and expected full LTD benefits because there was no offsetting amount. Consequently, NABCO started paying the Plaintiff $2,285.40 a month, the full LTD benefit for a salary of $45,708.

The Plaintiff later applied for a Railroad Retirement Annuity from the Railroad Retirement Board ("RRB"). There are two tiers of the RRA: Tier I consists of both Social Security equivalent benefits ("SSEB") and non-Social Security equivalent benefits ("NSSEB"); Tier II is similar to a private pension fund.

On March 30, 2001, the RRB found the Plaintiff to have been disabled since September 10, 1996. The RRB granted the Plaintiff annuity benefits retroactive to September 1, 1998.

In July 2001, the Plaintiff notified NABCO that he was receiving monthly annuity benefits in the amount of $1,855.91. Concluding that the annuity benefits were OIB and

thus should offset the Plaintiff's disability benefits, NABCO reduced the Plaintiff's monthly benefit to $429.29. NABCO also determined that it had overpaid the Plaintiff $556.77 and the Plaintiff fully repaid this amount.[1]

In April 2005, the RRB notified NABCO that the Plaintiff had received $2,595 in monthly annuity benefits dating back to September 1, 1998. Based on this, NABCO calculated that the monthly offset should have been $2,215.67, which left a monthly benefit of $69.73, and that it had overpaid the Plaintiff $92,709.19. In a letter dated June 23, 2005, NABCO informed the Plaintiff he owed $92,709.19 and benefits beyond July 10, 2005 would be suspended until "the overpayment has been reimbursed in full." Since July 10, 2005, NABCO has applied the Plaintiff's $69.73 LTD benefit toward the overpayment balance.

On March 12, 2010, the Defendants filed their Motion for Summary Judgment arguing that they are entitled to recover the full amount the Plaintiff was overpaid because the annuity benefits constitutes OIB within the meaning of the policy. The Plaintiff filed his Motion for Summary Judgment the same day arguing that his annuity benefit is not OIB within the meaning of the policy and, therefore, the Defendants impermissibly withheld LTD benefits from him.

At a September 1, 2010, hearing, the parties agreed that they both were wrong in part. The parties agreed that Tier I NSSEB and Tier II benefits cannot be offset. Because Tier I SSEB are, by definition, the equivalent of Social Security, they can be offset. However, with the exception of 1998, the parties have not provided the Court with the breakdown between Tier I SSEB and Tier I NSSEB. For 1998, the entire Tier I

---

[1] The $556.77 figure is derived by dividing the RRA benefit from July 1-July 10, 2001 (($1,855.91/30) x 9).

benefit was SSEB because of a "Disability Freeze" and, therefore, NABCO could offset the entire Tier I amount.

## II. DISCUSSION

Summary judgment must be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A factual dispute is genuine only if 'a reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)). The burden rests with the moving party to prove that no genuine issue of material facts exists. *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d at 1224. The district court must "view all evidence in the light most favorable to the nonmoving party, and resolve all reasonable doubts about the facts in its favor." *Id*.

The record is not sufficient to allow the Court to grant either motion. The parties provided the Court with the Tier I SSEB amount for 1998, but the Tier I SSEB/NSSEB breakdowns from 1999-2005 also are needed to determine the offset, if any. While it is clear that NABCO could offset all Tier I benefits for 1998, there is no evidence that the Disability Freeze remained in place for the remaining years. Further, the Court asked the parties to calculate the appropriate LTD benefits based on the Tier I breakdowns. Because the Court cannot determine the amount the Plaintiff should have received from NABCO, a genuine issue of material fact exists.

Accordingly, this matter will be scheduled for a nonjury trial.

### III. CONCLUSION

For the foregoing reasons, the Defendants' Motion is **DENIED** and the Plaintiff's Motion is **DENIED**.

**SO ORDERED**, this the 7th day of January, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT